Gary T. SPEZIALY, Appellant,

v.

STATE of Alaska, Appellee.

No. 6164.

Court of Appeals of Alaska.

April 29, 1983.

Joseph A. Kalamarides, Anchorage, for appellant.

Elizabeth H. Sheley, Asst. Atty. Gen., Anchorage, Wilson L. Condon, Atty. Gen., Juneau, for appellee.

Before COATS and SINGLETON, JJ., and BURKE, Chief Justice.*

## OPINION

BURKE, Chief Justice.

Gary Spezialy was convicted of possession of a narcotic drug in violation of former AS 17.10.010. The conviction was based on the discovery of cocaine in Spezialy's briefcase during an airport security search. In this appeal, Spezialy contends that the evidence presented against him was the product of an unreasonable search and seizure, in violation of his state and federal constitutional rights. We conclude that Spezialy's rights were not violated and affirm his conviction.

On January 3, 1981, Spezialy approached a Wien Air Alaska boarding gate at Anchorage International Airport. As required of all passengers with hand carried baggage, he placed his briefcase on a conveyor belt for an X-ray examination. The X-ray machine was operated by Mildred Schmalzried, an employee of a private security company employed by the airline to conduct the screening required by federal regulations. On the X-ray screen, Spezialy's briefcase appeared totally black. Schmalzried inquired as to whom the briefcase belonged, and Spezialy identified himself as the owner. She then requested Spezialy to open the briefcase so that she could look inside.

---

\* Burke, Chief Justice of the Supreme Court, sitting by assignment made pursuant to article IV, section 16 of the Constitution of Alaska.

Spezialy opened the briefcase, and Schmalzried proceeded to examine its contents while Spezialy stood beside her and watched. Schmalzried noticed an object which she described as a black vinyl zipped purse measuring four inches in length and width. She opened the purse and observed various items which she suspected might be related to narcotics. She then gave the purse to a private security officer for an examination. The officer observed a round cup screen device and several plastic baggies in the purse containing a white powdery substance which he believed was cocaine. The officer summoned the airport police, and Spezialy was arrested for possession of cocaine.

Spezialy contends that the initial search of the purse violated his right to be free from unreasonable searches and seizures.[1] In *State v. Salit,* 613 P.2d 245, 250–52 (Alaska 1980), the Alaska Supreme Court stated that searches conducted for purposes of airport passenger screening are justified under the administrative search exception to the warrant requirement. However, the court stressed that the search must be limited to those measures necessary to accomplish the legitimate purpose of preventing weapons and explosives from being brought into boarding areas and onto planes. *Id.* at 250–52. Thus, the court in *Salit* held that a physical search of a Manila envelope contained in a garment bag which had successfully passed through the X-ray examination was not justified under the administrative search exception. *Id.* at 253.

In the case at bar, the facts are distinguishable from those in *Salit.* When Spezialy's briefcase passed through the X-ray machine, Schmalzried could not discern any of its contents on the screen. Thus, she requested Spezialy to open the briefcase for further inspection. Schmalzried testified that the only reason she opened the purse found inside the briefcase was to make sure that it contained no weapons, since the purse was big enough to hold a pistol or other small weapons.

We therefore hold that the search of the briefcase and the purse that it contained was justified under the administrative exception to the warrant requirement. In reaching this conclusion, we reject Spezialy's contention that Schmalzried should have massaged the purse, or that she should have taken an X-ray of the purse separately to determine the presence of weapons, before opening it. To impose such requirements upon airport screeners would result in unreasonable and intolerable delays in the boarding and inspection processes, and, in the case of a massage or pat-down of containers, produce insufficient results.[2]

Accordingly, we hold that Spezialy's conviction must be AFFIRMED.

1. U.S. Const., Amend. IV; Alaska Const., art. I, § 14.

2. *See People v. Bleile,* 44 Cal.App.3d 280, 285, 118 Cal.Rptr. 556, 559 (1975); *see also* 3 W. LaFave, Search & Seizure § 10.6(e) at 355 (1978).